UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN SHIPMON,

    Plaintiff,

v.

ASHFORD UNIVERSITY,

    Defendant.

C.A. No.: 2:19-cv-1569

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## COMPLAINT

JOHN SHIPMON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ASHFORD UNIVERSITY ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the Commonwealth of Pennsylvania, thus, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.    Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6.    Plaintiff is a natural person residing in Pittsburgh, Pennsylvania 15233.

7.    Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.    Defendant is a corporation with its principal place of business located at 13500 Evening Creek Drive North, Suite 600, San Diego, California 92128.

9.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10.    Plaintiff has a cellular telephone number that he has had for at least one year.

11.    Plaintiff has only used this phone as a cellular telephone.

12.    Defendant placed repeated harassing telephone calls to plaintiff.

13.    Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

14. Plaintiff knew that Defendant was using an automated telephone dialing system because the calls began with a discernible pause or delay prior to connecting to one of Defendant's live agents.

15. Defendant's telephone calls were not made for "emergency purposes."

16. It was annoying and frustrating for Plaintiff to be called on his cellular telephone with such regularity.

17. Shortly after Defendant's calls commenced in, Plaintiff spoke with Defendant's callers to advise them he no longer wanted to be contacted on his cellular telephone, thereby revoking any consent that may have been previously given to Defendant to contact him on this number.

18. Once Defendant was informed that that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

19. Defendant heard and acknowledged Plaintiff's instructions to stop calling him.

20. Nevertheless, Defendant failed to update its records to restrict telephone calls to Plaintiff's cellular telephone.

21. Defendant continued to call Plaintiff on his cellular telephone multiple times per week despite Plaintiff's repeated reiterations to Defendant to stop calling his cellular telephone.

PLAINTIFF'S COMPLAINT

22. Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

25. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

26. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

27. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

28. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

29. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

30. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

31. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOHN SHIPMON, respectfully prays for a judgment as follows:

PLAINTIFF'S COMPLAINT

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JOHN SHIPMON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff

Dated: 12-5-19